UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY PINEDA and SERGIO PINEDA, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, et al., <br><br> Defendants. | CASE No.: 1:11-cv-00878 - - BAM <br><br> FINDINGS AND RECOMMENDATION REGARDING PLAINTIFF'S FAILURE TO FOLLOW A COURT ORDER |

On May 31, 2011, Tammy Pineda and Sergio Pineda ("Plaintiffs") filed this action against defendants United States of America, James A. Kraus, M.D., Susan Kraus, M.D., Enrique Talamantes, PA-C, Silvia Diego, M.D., and Vikram Khanna, MD (collectively, the "Defendants"). On November 17, 2011, the Court issued an Order to Show Cause for why Plaintiffs' case should not be dismissed for failure to file proofs of service of the summons and complaint on Defendants. (Doc. 9.) The deadline for responding to the Order to Show Cause was December 1, 2011. To date, Plaintiffs have not complied with the Court's Order.

1

# DISCUSSION

## A.  Rule 4(m) Requires Dismissal

Federal Rule of Civil Procedure 4(m) addresses the time limit to serve a summons and complaint:

> If a defendant is not served within 120 days after the complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the action without prejudice against the defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Rule 4(m) "encourages efficient litigation by minimizing the time between the commencement of an action and service of process." Electric Specialty Co. v. Road and Ranch Supply, Inc., 967 F.2d 309, 311 (9th Cir. 1992) (addressing former F. R. Civ. P. 4(j).)

More than 120 days have passed since Plaintiffs filed their complaint on May 31, 2011. The Court provided notice to Plaintiffs that their claims would be dismissed unless (1) Plaintiffs filed proofs of service of the summons and complaint on Defendants, or (2) Plaintiffs established good cause for their failure to timely serve Defendants with the summons and complaint. (Doc. 9.) Because Plaintiffs have failed to perform either of these tasks, the Court is now *required* to dismiss Plaintiffs claims. Fed. R. Civ. P. 4(m).

## B.  The Court's Inherent Authority Permits Dismissal For Failure to Obey Court Order

Local Rule 110 provides that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprized of

address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Ghazali, 46 F.3d at 53; Ferdik, 963 F.2d at 1260-61; Malone, 833 F.2d at 130; Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to serve Defendants with a summons and complaint, or to establish good cause for failure to do the same, was clear that dismissal would result from non-compliance with the Court's order. (Doc. 9, 8: 6-8) ("The Court will recommend dismissal of this action if Plaintiffs fail to: (1) establish good cause for their failure to timely serve Defendants with a summons and complaint; or (2) comply with this Order.")

/././

3

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED for Plaintiffs failure to serve Defendants with the summons and complaint, and for failure to comply with a court order.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. Section 636 (b)(1)(B).  Within fifteen (15) days after being served with a copy, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   December 2, 2011                           /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE